UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ANNE ARUNDEL COUNTY, MARYLAND, <br><br> Plaintiff, <br><br> vs. <br><br> BP P.L.C.; *et al.*, <br><br> Defendants. | Case Number: 1:21-cv-01323-ELH |

**<u>MOTION TO REMAND TO STATE COURT</u>**

{00332926.DOCX; 1}

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiff Anne Arundel County, Maryland ("the County") hereby respectfully moves the Court for an Order pursuant to 28 U.S.C. § 1447(c), remanding this matter to the Circuit Court for Anne Arundel County, Maryland, from which it was removed. The County appreciates that this matter has been stayed pursuant to the Court's June 1, 2021 Order. *See* Dkt. No. 19. However, certain objections to removal "must be made" by motion "within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c), and courts, including the Fourth Circuit, have held that district courts lack statutory authority to extend that statutory time-limit. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989); *cf. Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196–200 (4th Cir. 2008). Therefore, out of abundance of caution and to avoid inadvertent waiver, the County files this motion to preserve its arguments that removal was improper in this case. The County will submit a memorandum in support of this motion after the pending stay is lifted, at a time to be determined by the Court.

As grounds for this motion, the County asserts that removal was improper because the County's Complaint does not raise any federal claims and the Circuit Court for Anne Arundel County, Maryland is the appropriate forum for adjudicating the County's exclusively state-law causes of action. Defendants have not satisfied their burden to establish this Court's jurisdiction under any of the bases cited in Defendants Chevron Corporation and Chevron U.S.A. Inc.'s Notice of Removal (Dkt. No. 1): 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1442, and 1446, and 43 U.S.C. § 1349(b).

1) **28 U.S.C. §§ 1331 & 1441(a)**: This Court lacks jurisdiction over the subject matter of this case because the County has only alleged violations of state law. The Complaint asserts no federal law claims, and no claim in the County's well-pleaded Complaint arises under the

{00332926.DOCX; 1}

Constitution, laws, or treaties of the United States, including federal common law. The County's claims are thus not within this Court's original jurisdiction under 28 U.S.C. § 1331. Nor does the Complaint necessarily raise any disputed, substantial questions of federal law sufficient to create federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The County's claims are therefore not removable under 28 U.S.C. § 1441(a).

2)  **43 U.S.C. § 1349(b)**: The case is not removable pursuant to the Outer Continental Shelf Lands Act because it does not "aris[e] out of, or in connection with . . . any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals," within the meaning of 43 U.S.C. § 1349(b)(1).

3)  **28 U.S.C. § 1442**: The case is not removable pursuant to 28 U.S.C. § 1442, because in carrying out the tortious conduct alleged in the County's Complaint, Defendants are not and have never been federal officers or persons acting under federal officers performing some act under color of federal office. Any acts Defendants have conducted under the direction of a federal officer are not related or connected to the County's claims, and Defendants have not satisfied their burden to show a colorable federal defense.

4)  **U.S. Const. art. I, § 8, cl. 17**: Nor is the case removable on the ground that some of the alleged injuries arose, or alleged conduct occurred, on "federal enclaves." The Complaint expressly disclaims injuries arising on federal land, and thus the County's claims did not arise on any federal enclave. Defendants' contention that this case arises on a federal enclave because some indeterminate portion of their alleged tortious conduct occurred in Washington, D.C. is baseless and has no support in any body of law.

Briefing on these matters will follow after the pending stay is lifted, at a time to be determined by the Court.

June 28, 2021                                       Respectfully submitted,

/s/ *Gregory J. Swain*
Gregory J. Swain (CPF # 9106200276)
County Attorney
Anne Arundel County Office of Law
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
Tel:   (410) 222-7888
Fax:   (410) 222-7835
Email: gregory.swain@aacounty.org


**SHER EDLING LLP**
Victor M. Sher (*pro hac vice* forthcoming)
Matthew K. Edling (*pro hac vice* forthcoming)
Martin D. Quiñones (*pro hac vice* forthcoming)
Katie H. Jones (*pro hac vice* forthcoming)
Quentin C. Karpilow (*pro hac vice* forthcoming)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel:   (628) 231-2500
Fax:   (628) 231-2929
Email: vic@sheredling.com
       matt@sheredling.com
       marty@sheredling.com
       katie@sheredling.com
       quentin@sheredling.com


*Attorneys for Plaintiff Anne Arundel County, Maryland*

{00332926.DOCX; 1}

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 28th of June, 2021, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                            /s/ *Gregory J. Swain*
                                            Gregory J. Swain

{00332926.DOCX; 1}