### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CITY OF ANNAPOLIS, MARYLAND** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-21-00772** |
| **v.** | * | |
| | * | |
| **BP P.L.C., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

| | | |
|---|---|---|
| **ANNE ARUNDEL COUNTY, MARYLAND** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-21-01323** |
| **v.** | * | |
| | * | |
| **BP P.L.C., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM OPINION</u>

Plaintiff City of Annapolis and Plaintiff Anne Arundel County (collectively "Plaintiffs") – political subdivisions within the State of Maryland – filed actions against more than twenty "major corporate members of the fossil fuel industry" (collectively "Defendants") in the Circuit Court for Anne Arundel County, Maryland.  *See* Complaint & Demand for Jury Trial, *City of Annapolis, Maryland v. BP P.L.C., et al.*, No. 21-CV-00772 (D. Md. Mar. 25, 2021), ECF 17;[1] *see also* Complaint & Demand for Jury Trial, *Anne Arundel County, Maryland v. BP P.L.C., et al.*, No. 21-CV-01323 (D. Md. May 27, 2021).  The two complaints seek relief under state common law and

---

[1] For ease of reference, citations to an Electronic Case File (ECF) will refer to filings in *City of Annapolis, Maryland v. BP P.L.C., et al.*, No. 21-CV-00772.  The parties in both cases have submitted near-identical briefings, except for changes to the relevant plaintiff's name and ECF numbers.

Maryland's Consumer Protection Act for Defendants allegedly concealing climate-related harms caused by fossil fuels. *Id.*

Defendants removed these cases to federal court. ECF 1. This Court ordered remand of the cases to state court, citing a lack of subject matter jurisdiction over Plaintiffs' state law claims. ECF 174. This Court denied Defendants' request to stay proceedings pending resolution of related cases in the United States Supreme Court, but it granted a temporary 30-day stay to allow time for Defendants to appeal. ECF 175. Defendants have now appealed, ECF 177, and seek to stay execution of the remand order pending appellate resolution, ECF 178. Plaintiffs opposed the motion, ECF 179, and Defendants replied, ECF 181. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For reasons explained below, this Court will temporarily stay its remand order until it can obtain greater clarity about the timing of the related Supreme Court petitions.

## I.    BACKGROUND

The cases brought by Annapolis and Anne Arundel do not stand alone. Since 2017, over twenty states and local governments across the country, including the City of Baltimore, have brought comparable state law claims against fossil fuel industry actors. Many of these cases have yet to consider the merits, as judicial discourse centers around whether federal courts have jurisdiction.[2]

Throughout these cases, Defendants have proffered at least eight grounds for federal court jurisdiction: (1) federal common law, (2) federal question jurisdiction under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), (3) Clean Air Act preemption, (4) Outer Continental Shelf Lands Act, (5) federal officer removal statute, (6) "federal enclaves," (7)

---

[2] For a more detailed history of the present and related cases, see this Court's description in its prior memorandum opinion, ECF 174.

bankruptcy law, and (8) original admiralty jurisdiction.  *See, e.g.*, *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538 (D. Md. 2019) ("*Baltimore*").

In a previous related case brought by the City of Baltimore, this Court considered and rejected all eight purported grounds of federal jurisdiction and remanded to state court.  *See id.* at 574.  The Fourth Circuit affirmed.  *See Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 238 (4th Cir. 2022).  Presently, Defendants seek certiorari in that case before the Supreme Court, petitioning review of only one proposed ground for federal court jurisdiction – federal common law.  *See* Petition for Writ of Certiorari, *BP P.L.C., et al. v. Mayor and City Counsel of Baltimore*, No. 19-1644 (Oct. 14, 2022).  A related case brought by the Board of County Commissioners of Boulder County against similar defendants in the Tenth Circuit likewise awaits disposition in the Supreme Court.  *See* Petition for Writ of Certiorari, *Suncor Energy (U.S.A.) Inc., et al., Petitioners v. Board of County Commissioners of Boulder County, et al.*, No. 19-1330 (June 8, 2022).

In the present cases, Anne Arundel and the City of Annapolis brought similar claims against similar defendants.  *See* ECF 17.  Defendants once again removed these cases to federal court, asserting many of the same grounds for federal court jurisdiction as in *Baltimore*.  *See* ECF 1.  Defendants acknowledged that *Baltimore* largely controlled the removal question, but they argued that they presented additional evidence to support their federal officer theory and presented a new argument under *Grable* jurisdiction.  ECF 168 at 7, 12.  Defendants also requested that this Court stay proceedings because if the Supreme Court granted certiorari *and* if the Supreme Court agreed that Plaintiffs' claims arose under federal common law, then they would be able to bring their cases to federal court.  ECF 158-1 at 6.

This Court first considered Defendants' new arguments and evidence for removal to federal court, but concluded that it had no jurisdiction over Plaintiffs' claims.  ECF 174.  The Court also denied Defendants' motion to stay proceedings.  *Id.*  This Court reasoned that even if Defendants' petitions for certiorari were granted, Defendants failed to prove a likelihood of success on the merits, given that five out of six appellate courts have ruled against Defendants on the federal common law theory, and no appellate court has accepted Defendants' other theories of federal court jurisdiction.  *See id.* at 8.  Further, the balance of harms weighed in Plaintiffs' favor because Defendants' additional litigation expenses did not constitute irreparable harms.  *Id.*  Finally, this Court believed there was substantial public interest in moving these cases towards disposition.  *Id.* at 9.

Ultimately, this Court denied Defendants' motion to stay, granted Plaintiffs' motion to remand to state court, and imposed a 30-day stay of its order to allow time for Defendants to appeal.  ECF 175.  Defendants have now appealed.  *See* ECF 177.

Presently, with the temporary 30-day stay now coming to a close, Defendants again move to stay execution of the remand orders pending resolution of the related petitions for certiorari in the Supreme Court.  ECF 178.  In the past few weeks since this Court ruled on Defendants' previous motion to stay, two updates have occurred in these related cases: (1) Defendants have formally petitioned the Supreme Court to review the Fourth Circuit's decision, *see* Petition for Writ of Certiorari, *BP P.L.C., et al. v. Mayor and City Counsel of Baltimore*, No. 19-1644 (Oct. 14, 2022), and (2) the Supreme Court has invited the Solicitor General to express the views of the United States on the related Tenth Circuit petition, *see* Order, *Suncor Energy (U.S.A.), Inc. v. Board of County Commissioners of Boulder County*, No. 19-1330 (Oct. 3, 2022).  At issue is

whether this Court should further stay execution of its remand order pending continued resolution of those cases in the Supreme Court.

## II.   LEGAL STANDARD

The issuance of a stay is "an exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)) (internal quotation marks omitted). Courts consider four factors when determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (internal quotations omitted). As the Supreme Court has explained, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (C.A.7 1999)). "The party requesting a stay bears the burden of showing that a stay is warranted." *Mayor & City Council of Baltimore v. BP P.L.C.*, No. 18-CV-2357, 2019 WL 3464667, at *2 (D. Md. July 31, 2019) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

## III.   DISCUSSION

The Court begins with the first factor – a "strong showing" that Defendants are likely to succeed on the merits. To clarify at the outset, Defendants do not argue the likelihood of their successful appeal of this Court's most recent opinion and memorandum, which rejected Defendants' two new arguments for federal officer removal jurisdiction and *Grable* jurisdiction. This is wise given that the Fourth Circuit has previously rejected very similar, if not identical, arguments; no other appellate court has yet to agree with these arguments; and Defendants are not

seeking certiorari in the Supreme Court on these grounds.  Thus, Defendants' likelihood of success rests entirely with their federal common law arguments previously rejected by this Court and the Fourth Circuit.

Even assuming the Supreme Court were to grant certiorari, however, Defendants have not evidenced a strong likelihood of success on the merits of their appeal.  Three years ago, this Court noted that "the removal of this case based on the application of federal law presents a complex and unsettled legal question," *see Mayor & City Council of Baltimore v. BP P.L.C.*, No. CV 18-CV-2357, 2019 WL 3464667, at *3 (D. Md. July 31, 2019).  But since that time, many other district courts and courts of appeals have also considered and rejected Defendants' federal common law argument.  To date, five out of six appellate courts have ruled against Defendants' theory.  *See Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44, 55–56, 62 (1st Cir. 2022) (rejecting defendants' federal common law argument and affirming remand to state court) ("Congress displaced the federal common law of interstate pollution, and it would 'defy logic' to base removal on a 'federal common law claim that has been deemed displaced, extinguished, and rendered null by the Supreme Court,'" *id.* at 55–56 (internal citation omitted)); *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707–08, 713 (3d Cir. 2022) (same); *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 199–204, 238 (4th Cir. 2022) (same); *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746–48, 764 (9th Cir. 2022) (same); *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1257–61, 1275 (10th Cir. 2022) (same); *see also City & Cnty. of Honolulu v. Sunoco LP*, No. 20-CV-00163, 2021 WL 839439, at *2 (D. Haw. Mar. 5, 2021) (denying defendants' motion to stay the remand order and noting that, "of all the cases involving subject matter similar to that here, Defendants have achieved one, fleeting success on the issue of removal. . . . Even that success, though, has now been overturned. . . . A batting average of .000

does not suggest a substantial case exists," *id.* at *2 n.3 (internal citations omitted)).  *But see City of New York v. Chevron Corp.*, 993 F.3d 81, 91 (2d Cir. 2021) (holding federal common law governed plaintiffs' claims).

In their motion to stay, Defendants acknowledge that a "number of circuits that have addressed these questions have concluded the opposite" of their position.  ECF 178-1 at 4.  Nonetheless, Defendants emphasize the Second Circuit's decision as evidence of a circuit split and some likelihood of success in the Supreme Court.  *Id.*  In opposition, Plaintiffs note that the Second Circuit case, *City of New York v. Chevron Corp.*, 993 F.3d 81, 91 (2d Cir. 2021), originated in federal court under diversity jurisdiction and never raised the question of remand.  ECF 179 at 13–14.  Plaintiffs argue that this distinct procedural background sets the case apart, and that Defendants manufactured a circuit split to seek certiorari.  *Id.*  This distinction is not important here.  Even if Defendants were correct that a circuit split exists, the 5-1 split weighs against Defendants and does not evidence a strong likelihood of success on the merits.

Defendants argue that the fact that the Supreme Court has invited the Solicitor General to provide the views of the United States demonstrates that the certiorari petition will likely be granted.  ECF 178-1 at 2–4.  Although petitions in which the Supreme Court invites the views of the Solicitor General "are granted at a far higher rate than other petitions," "it is also true that the [Supreme] Court denies certiorari in such cases more often than not," and the Solicitor General Office's views are "hardly dispositive."  *See Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J., in chambers).  Moreover, this procedural update only increases the likelihood that the Supreme Court will hear the case, it does not indicate which side will prevail on the merits.  Thus, the first factor still weighs against granting a stay.

The Court next turns to the second factor – irreparable harm to Defendants.   Again, Defendants point to the cost and burden of simultaneous litigation in federal and state court.   ECF 178-1 at 5.   They also argue that forcing them into state court could deprive them of their right to litigate in federal court, and could cause them irreparable harm, even if the merits are not ultimately decided in state court.   *Id.*

In its most recent opinion, this Court rejected these arguments.   As explained in *Baltimore*, "[a]bsent a stay, [Defendants'] appeal would only be rendered moot in the unlikely event that a final judgment is reached in state court before the resolution of their appeal.   This speculative harm does not constitute an irreparable injury." *Mayor & City Council of Baltimore v. BP P.L.C.*, No. 18-CV-2357, 2019 WL 3464667, at *5 (D. Md. July 31, 2019); *see also* ECF 174 at 8.   Further, "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970).

However, the current procedural posture of the Tenth Circuit petition in the Supreme Court no longer makes it "unlikely" that a final judgment could be reached in state court before resolution of the appeals.   Since last considering Defendants' motion to stay, the Supreme Court has invited the Solicitor General to express the views of the United States on the related Tenth Circuit petition, *see* Order, *Suncor Energy (U.S.A.), Inc. v. Board of County Commissioners of Boulder County*, No. 19-1330 (Oct. 3, 2022) ("The Solicitor General is invited to file a brief in this case expressing the views of the United States.").   To this Court's knowledge, there is no deadline associated with this invitation, and the Supreme Court will not rule on the petition until the Solicitor General's Office files its brief.   The uncertainty of the timing of the Solicitor General's briefing injects uncertainty into the overall timing of the pending appeals.   Last month, it seemed relatively likely that the Supreme Court would dispose of the matter this term, either by denying certiorari or

proceeding to briefing and argument.  Such timing is no longer likely.  The parties now both note that resolution of these appeals could be "this term *or next*."  ECF 179 at 9–10; ECF 181 at 3 (emphasis added).  With the indefinite time frame allowed for Solicitor General involvement, a decision next term is all but certain, which creates potential that the state court could reach dispositive and irreversible outcomes.  For this reason, the second factor now weighs in Defendants' favor.

Finally, in cases where the party opposing the stay is a government entity, the final two factors merge – harm to the opposing party and the public interest.  *Nken*, 556 U.S. at 435. Defendants again argue that Plaintiffs will not be irreparably harmed because Plaintiffs seek monetary relief, which can be awarded at any time.  ECF 178-1 at 6.  They also argue that a stay would conserve judicial resources.  *Id.*  In contrast, Plaintiffs again note that a stay would further risk losing discoverable evidence, "thwarting the City's access to discovery from elderly witnesses, whose memories will likely fade, and in the form of documentary evidence dating back decades." ECF 179 at 17.

Like a few weeks ago, this Court does not believe the public interest is served by unnecessarily prolonging consideration of the actual merits and believes there is substantial public interest in moving these cases towards disposition.  *See* ECF 174 at 9.  This Court has also explained that "the interim proceedings in state court may well advance the resolution of the case in federal court.  After all, the parties will have to proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum." *Mayor & City Council of Baltimore v. BP P.L.C.*, No. 18-CV-2357, 2019 WL 3464667, at *6 (D. Md. July 31, 2019).  However, given the recent uncertainty in timing of the Supreme Court petitions, litigation in the state court now has potential to do more harm than good.  If state court were to reach dispositive or partially dispositive

motions, those decisions could permanently harm either party's opportunity to fully litigate this case if the Supreme Court concludes that federal common law governs Plaintiffs' claims.

Considering the above four factors, a stay to the full extent requested by Defendants is not warranted. However, this Court will continue its temporary stay until further notice. Although this Court would still like this case to move towards disposition as expeditiously as possible, it is presently prudent and in the public interest to wait until the parties offer greater clarity around the timing of the resolution of the appeals. For example, if the Solicitor General files its briefing promptly and a decision this term becomes likely, this Court may decide that the risk of state court disposition before the appeal ends is again minimal. If the timing appears to be drawn out, this Court may continue the stay to ensure that no such dispositive rulings are likely to take place.[3]

## IV.  CONCLUSION

For the reasons stated above, this Court grants in part and denies in part Defendants' motions to stay. Execution of the remand orders will be stayed until further notice. The parties are instructed to keep this Court apprised of updates in the related cases pending before the Supreme Court. If timing of those appeals becomes more certain, this Court will reconsider whether to lift its stay.

Separate Orders follow.


Dated: October 27, 2022                                    _____/s/_____

                                                          Stephanie A. Gallagher
                                                          United States District Judge


---

[3] In the *Baltimore* case, although the remand order was executed, the state court stayed the proceedings. *See* ECF 168-1. Here, however, there are no guarantees that the Circuit Court for Anne Arundel County will follow the same course, meaning that this Court has to weigh the likelihood of irreparable harm from a dispositive ruling that might be reached.