**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812<br>MDD_SAGchambers@mdd.uscourts.gov |

May 17, 2023

**LETTER ORDER**

Re: Anne Arundel County, Maryland v. BP P.L.C. et al.
    Civil Case No. SAG-21-01323

Dear Counsel:

On September 29, 2022, this Court granted Plaintiff's motion to remand this case to the Circuit Court for Anne Arundel County. *See* ECF 150, 151. This Court denied Defendants' request to stay the case pending resolution of related petitions for certiorari before the U.S. Supreme Court, but granted a temporary stay to permit Defendants to appeal. ECF 150 at 8–9. Defendants appealed this Court's remand order. ECF 154.

The following month, Defendants once again requested a stay of the case. ECF 155. This Court granted in part and denied in part Defendants' motion. *See* ECF 160, 161. After reviewing the relevant legal standard, this Court explained:

> [A] stay to the full extent requested by Defendants is not warranted. However, this Court will continue its temporary stay until further notice. Although this Court would still like this case to move towards disposition as expeditiously as possible, it is presently prudent and in the public interest to wait until the parties offer greater clarity around the timing of the resolution of the appeals. For example, if the Solicitor General files its briefing promptly and a decision this term becomes likely, this Court may decide that the risk of state court disposition before the appeal ends is again minimal. If the timing appears to be drawn out, this Court may continue the stay to ensure that no such dispositive rulings are likely to take place.

ECF 160 at 10. Consequently, this Court ordered, "The stay of the remand order will continue until further notice. Parties are directed to keep this Court apprised of relevant updates in the related cases before the United States Supreme Court." ECF 161.

In early April, 2023, Plaintiff informed the Court that the Solicitor General had filed an amicus brief on behalf of the United States urging the Supreme Court to deny the petition for certiorari in the related cases. ECF 166. Defendants filed a reply to this correspondence, requesting the stay to remain in place. ECF 167. On April 28, 2023, Plaintiffs informed the Court that the

<u>Anne Arundel County, Maryland v. BP P.L.C. et al.</u>
Civil Case No. SAG-21-01323
May 17, 2023
Page | 2

U.S. Supreme Court had formally denied the related petitions for certiorari. ECF 174. Defendants did not file any response before this Court. In light of the U.S. Supreme Court's denial of certiorari, immediate remand to state court is warranted for the reasons previously explained by this Court.[1] *See* ECF 150, 160.

      For those reasons, the Clerk is directed to REMAND the present case to the Circuit Court for Anne Arundel County. Despite the informal nature of this letter, it constitutes an Order of the Court and will be docketed as such.

                               Sincerely yours,

                               /s/

                             Stephanie A. Gallagher
                             United States District Judge

---

[1] Although Defendants failed to file a response to Plaintiff's correspondence in this Court's docket, Defendants filed supplemental correspondence in the Fourth Circuit. *See* U.S.C.A. Case No. 22-2082 (ECF 121). In that filing, Defendants assert that the stay should remain in place because they have raised theories of federal court jurisdiction not addressed in *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 238 (4th Cir. 2022). This Court has already considered and rejected this particular argument for a continued stay. *See* ECF 150 at 9 ("Because Defendants raise two new jurisdictional theories here, resolution of the Baltimore case by the Supreme Court may not fully dispose of the jurisdictional issues in these cases. This Court does not believe the public interest is served by further prolonging the consideration of the actual merits and believes there is substantial public interest in moving these cases towards disposition."). This Court again rejects this argument and concludes that immediate remand is warranted.